SECOMBE MANUF'G CO. (ROBERTSON v.). See Case No. 11,928.

SECOND NAT. BANK v. HUGHES. See Case No. 4,811.

SECOND NAT. BANK (MAIN v.). See Case No. 8,976.

## Case No. 12,601a.

### SECOND NAT. BANK v. NEW YORK SILK MANUF'G CO.

[13 Reporter, 355.] [1]

Circuit Court, D. New Jersey. Feb., 1882.

REMOVAL OF CAUSES—ATTACHMENT—CREDITORS—JURISDICTIONAL AMOUNT.

1. After the filing of the petition and bond required by the act of congress, the jurisdiction of the state court over a removable action is at an end, and subsequent proceedings in the state court are coram non judice, and an amendment or other order by it will not affect the decision of the federal court upon a motion to remand.

2. Where a state attachment act provided that, before appearance by the defendant, all creditors who applied to be made parties to the suit should share pro rata in the fund, and that after such appearance all other creditors should be debarred from coming in upon the fund, held, that after the removal of the attachment suit to the federal court the latter had no power to strike off the defendant's appearance in order to let in the other creditors.

3. In such case, where the amount in dispute between the plaintiff and the defendant is within the jurisdiction of the circuit court, such jurisdiction is not ousted by the fact that the claims of applying creditors are less than $500. Such claims will be considered as incidental only, and the court, having jurisdiction of the main controversy, will dispose of the incidents also.

Motion to remand to state court.

At the suit of the plaintiff two writs of foreign attachment, dated respectively October 3d and 29th, 1881, issued out of the circuit court of the county of Hudson, against the defendant, a New York corporation. Under these writs the sheriff attached the property of the defendant. Motions to dissolve the attachments were made and refused. After the attachment other creditors of the defendant entered rules under the New Jersey practice to be allowed to prove their claims and share in the attached fund. Some of these claims were in amount under $500. The plaintiff presented a petition for the sale of the attached property as perishable, and for the appointment of an auditor to distribute the proceeds. Before this application was disposed of the case was removed to the federal court, the defendant entering an appearance in the state court, and the record being filed in the federal court December 15, 1881. On December 31, 1881, on motion the state court allowed the defendant to withdraw its appearance in the attachment suits. The defendant now moves to remand the suits.

George S. Hastings, for the motion.

Preston Stevenson, for plaintiffs in the attachments.

John W. Taylor, for creditors.

NIXON, District Judge. A motion is made by the party which petitioned for the removal to this court to remand the cases again to the state court. I find nothing in

---

[1] [Reprinted by permission.]

the proceedings or in the order of the state judge setting aside the appearance of the defendant which would justify me in granting this motion. The suit is clearly within the class of cases where removal is authorized. The parties are citizens of different states. The matter in dispute exceeds $500, exclusive of costs. The petition is in due form, and no complaint has been made against the bond. The petition was signed by the defendant and presented to the state court, and the bond executed and filed for no other purpose than to transfer the case from that court to this, and jurisdiction ceased there and attached here as soon as these steps were taken. This has been the general tendency and result of the judicial construction of the removal statutes, both in the state courts and in the courts of the United States, for some years past. Dill. Rem. Causes, § 15. In the case of Baltimore & O. R. Co. v. Koontz, 104 U. S. 5, it is distinctly held that the jurisdiction changes when removal is demanded in proper form; that it is transferred from the state to the federal court, and that all questions relating to the fact of removal are to be determined by the last named court. It results from this that all proceedings in the state court after a due demand for removal are coram non judice. Its jurisdiction is lost, and no order by that court can be invoked as ground for an application to remand.

The suggestion was made, that if I could not find grounds for remanding the case, I could at least authorize the defendants to withdraw the appearance heretofore entered in the Hudson circuit, and thus allow outside creditors to come in and share in the proceeds of the attached property. But there are two difficulties in the way. The first is, that all the presumptions lead to the conclusion that the appearance was authorized in effect if not in express terms. The second is, that the attaching creditors have acquired an exclusive lien upon the property under the attachment act of New Jersey, of which this court has no right, if it had the disposition, to deprive them. The provisions of sections 14, 35, 38, and 39 show that when the defendant in the attachment enters an appearance without the execution of the bond prescribed by section 33, the property seized remains in the custody of the officer and under the control of the court, and is held for the satisfaction of the plaintiff, and of such persons as before the appearance have entered rules to be admitted under such attachment. All other creditors are then excluded from participation in the proceeds of the res, until the plaintiff and such applying creditors are paid in full. This may seem inequitable and unjust to meritorious creditors, who have for any reasons refrained from becoming parties to the proceedings, but it is the reward which the law gives to the diligent. When the defendant gave instructions to the attorney to take the necessary steps to effect the removal of the suit into this court, it was probably not aware of the legal consequences of the act, and had

no thought of depriving other creditors who had not become parties to the attachment proceedings of sharing in the pro rata distribution of the assets. In other words, a mistake in law was made; but I do not understand that I have any power to correct mistakes in law, if by so doing I take away from other innocent parties any rights which they had acquired by such mistakes.

It was further urged that there was a practical difficulty arising from the peculiar features of the New Jersey act, in holding that this court had jurisdiction over a suit begun by attachment in a state tribunal. Section 38 makes it lawful for any defendant to enter an appearance to the suit of the plaintiff or of any applying creditor without giving bond for the return of the property, and, after such appearance, the suit or suits of the plaintiff and creditors shall proceed in all respects as if commenced by summons. The difficulty, earnestly pressed, was that some of the applying creditors had entered a rule for claims for less than $500, and that there was no power in this court to exercise jurisdiction in a controversy between parties in a removal case where the sum in dispute was less than that amount. No question of that kind has yet appeared in the case, and it will be time enough to meet it when it arises. I have no hesitation, however, to anticipate it by saying that the jurisdictional limitation to $500 has reference to the sum in dispute between the plaintiff in attachment and the defendant; that the right of applying creditors to have their claims adjusted is a mere incident to the principal suit, and that the court having acquired jurisdiction over the principal suit necessarily exercises it over the incident.

Motion to remand refused, and sheriff of Hudson county appointed auditor to sell property.

[NOTE. This matter was again before the court on a motion to strike out the appearance entered by the defendant company to two writs of foreign attachment against the property of said company. The motion was refused. 11 Fed. 532.]